IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cr-00212-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH EUGENE CLEMENTS,

    Defendant.

---

ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on July 6, 2022. Present were the following: Andrea Surratt, Assistant United States Attorney; Lisa A. Polansky, counsel for the defendant; and the defendant. The Court reviewed the Pretrial Services Report and considered the comments of counsel.

    The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

    DATED and ENTERED this 7th day of July, 2022.

    BY THE COURT:

    s/ Kristen L. Mix
    U.S. Magistrate Judge
    Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cr-00212-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH EUGENE CLEMENTS,

    Defendant.

---

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on July 6, 2022. The Court has taken judicial notice of the Pretrial Services Report and considered the comments of counsel.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

    (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

  First, the defendant has been charged with multiple drug-related offenses and money laundering.

  Second, the government made the following proffer: for the last ten years, the defendant has earned a living as a drug dealer, selling psychedelics like LSD and DMT on the dark web. Within the past year, he has purchased hundreds of pounds of DMT, which he then processed and sold to customers.  The government conducted a controlled purchase of DMT from the defendant's website, which arrived with instructions as to how to use it.  The defendant used his mother's address in Texas to receive shipments of DMT.  There is no record of his legitimate employment in Colorado or Texas.  The defendant's income from drug dealing is in the form of cryptocurrency, which is notoriously difficult for the government to locate and seize.  The defendant was using false Costa Rican identification in the name of Akasha Song to conduct business, and was in the process of moving out of his home when he was arrested.  Since 2017, the defendant has taken 18 international trips to 15 countries, and as recently as May of 2022 was purchasing foreign currency. Prior to his arrest, he instructed a co-conspirator to delete texts to his fictitious name, Akasha Song. On execution of a search warrant at the defendant's home, law enforcement located substances that appear to be LSD and cocaine but which have not yet bene tested.

  According to the Pretrial Services Report, the defendant admitted to using marijuana daily and has prior convictions involving possession of marijuana and driving under the influence.  He currently has misdemeanor child abuse charges pending and has had three instances of failure to appear.  He has numerous misdemeanor convictions and one felony conviction.

  After considering all of the factors set forth in the Bail Reform Act and the offenses charged in this case, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community.  In support of that finding, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense.

  DATED and ENTERED this 7th day of July, 2022.

                  BY THE COURT:

                   s/ Kristen L. Mix
                   U.S. Magistrate Judge
                   Kristen L. Mix