IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 22-cr-00212-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JOSEPH EUGENE CLEMENTS**, and
2. WILLIAM BLAKE PLSEK,

      Defendants.

**ORDER GRANTING DEFENDANT JOSEPH EUGENE CLEMENTS' UNOPPOSED MOTION FOR EXCLUSION OF TIME FROM THE SPEEDY TRIAL ACT REQUESTING NINETY (90) DAYS BE EXCLUDED**

This matter is before the Court on Defendant Joseph Eugene Clements' Unopposed Motion for Exclusion of Time from the Speedy Trial Act. The Defendant asks this Court for an order excluding 90 days from the Speedy Trial computation, to set new motion and response filing deadlines, and to reschedule the Final Trial Preparation Conference and Jury Trial dates.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.

*See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

- (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
- (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
- (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
- (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

2

>clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, and the Court adopts and incorporates those facts here. In support of his motion, Mr. Clements states that on June 23, 2022, he was indicted on Count 1: distribute and possess with the intent to distribute N,N-Dimethyltryptamine ("DMT"), in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 2: manufacture DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 3: distribute and possess with the intent to distribute DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 4:

distribution of DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 5: laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

On July 5, 2022, attorneys Lisa A. Polansky and Hillary C. Aizenman, of Polansky Law Firm, PLLC entered their appearances on behalf of Mr. Clements.  Mr. Clements had his Arraignment, Discovery and Detention Hearing on July 6, 2022. Subsequently on July 8, 2022, this Court set a Pretrial Motions deadline for July 25, 2022, a deadline for Government Responses for August 5, 2022, a Final Trial Preparation Conference for August 10, 2022, at 3:00 p.m. and a five-day Jury Trial for August 22, 2022.

Defense counsel have not yet received any discovery in this case. Discovery is forthcoming and the Government avers it will be provided on July 26, 2022. Defense counsel anticipates discovery will be voluminous as the charges herein are serious and the nature of the case is complex.

With the dates as set, defense counsel will have to file motions prior to even receiving the discovery in this case, which is not at all feasible. Defense counsel have communicated with the Government regarding this request.

Defense counsel states that the need for the continuance is great. Without such a continuance, counsel for Mr. Clements would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  Defense counsel cannot, within the current speedy trial period, properly review currently disclosed and forthcoming discovery; research, investigate, and file pre-trial motions; investigate and compile mitigation; and engage in thorough and meaningful plea negotiations.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 26, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from September 7, 2022, to December 6, 2022**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **five-day** jury trial is reset for **December 5, 2022**. The Trial Preparation Conference/ Change of Plea Hearing is reset for **November 22, 2022, at 3:00 PM**;

(4) Defendant shall have to and including **October 24, 2022,** to file pretrial motions, and responses to these motions shall be filed by **November 7, 2022**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **November 9, 2022**.

DATED: July 22, 2022.

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge